CHARLES G. ELMORE, APPELLANT, V. DUNCAN MCMILLAN
ET AL., APPELLEES.

FILED JULY 12, 1907. No. 14,902.

1. **Appeal:** DISMISSAL: AFFIRMANCE. The decree of the district court dismissing plaintiff's cause of action will be affirmed, where the record discloses that the only relief sought would have been against a nominal defendant who did not appear in the action and upon whom the record fails to show service of process.

2. **Evidence examined, and *held* to sustain the decree of the district court.**

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for appellant.

*A. W. Crites, contra.*

GOOD, C.

On August 4, 1904, the appellant Elmore filed his petition in the district court for Dawes county, praying for an injunction to restrain the several defendants therein named from disconnecting or interfering with plaintiff's use of a certain telephone in his office. The defendants named were the Chadron Cooperative Telephone Company and six individuals, several of whom were officers and directors of the Chadron Cooperative Telephone Exchange. Plaintiff claimed to be entitled to the rights and privileges of a stockholder in the corporation named as a defendant by virtue of a purchase of one share of stock therein from one Willis Schenck, and claimed the right, as a stockholder, to the use of his telephone at a monthly rental of 75 cents, and alleged that the defendants had disconnected his telephone on the 3d day of August, because of his refusal to pay a higher rate of rental, to wit, $2 a month. A temporary injunction was allowed pending the hearing of the cause. All of the defendants, except the

Chadron Cooperative Telephone Company, answered the petition, and denied that the share of stock which plaintiff had purchased from Schenck entitled plaintiff to the reduced rate of rental claimed by him. There is nothing in the record to show the issuance or service of process upon the Chadron Cooperative Telephone Company, or upon the Chadron Cooperative Telephone Exchange, and the corporation made no appearance in the action. Upon a hearing of the cause, the trial court found that Schenck was a necessary party to the action, continued the hearing to a later date, and ordered that Schenck be made a party defendant. Schenck answered, and admitted the sale to plaintiff of one share of "common stock" in the Chadron Cooperative Telephone Exchange, and averred that said share of stock did not carry with it the privilege of a telephone at the rate of 75 cents a month, and alleged that plaintiff had knowledge of these facts when he purchased said stock. Afterwards, upon a completion of the trial of the cause, the district court found in favor of the defendants, dissolved the temporary injunction, and dismissed plaintiff's cause of action. From this judgment of the district court the plaintiff appeals.

The material facts underlying this controversy are as follows: For some time previous to October 15, 1903, an unincorporated association of individuals owned and operated a telephone exchange in the city of Chadron, under the name of the Chadron Cooperative Telephone Exchange, for the benefit of the members of the association, and also furnished telephone service to outsiders for a monthly rental of $2 for each telephone. The members of the association paid but 75 cents monthly rental for their telephones. On the 15th of October, 1903, the members composing the association incorporated the same under the same name, each member being entitled to one share of the capital stock of the corporation. No certificates of stock were issued at that time. Defendant Schenck was one of the original members of the association, and was entitled to one share of stock in the corpora-

tion. In December following the board of directors of the new company passed a resolution to issue 69 shares of additional stock in the corporation of the face value of $25 each, which were to be sold publicly. It was provided that this stock should be called "common stock," and that shares of stock theretofore provided for should be called "original stock," but the face or par value of the so-called shares of "original stock" does not appear. It was also provided that the subscribers to the common stock should not be entitled to the reduced rate, or 75 cents monthly telephone rental, as the original stockholders were. Defendant Schenck was a subscriber to one share of the common stock. At the time that he subscribed for this share of common stock, all that he received was a receipt in the following language: "$25. Chadron, Jan. 22d, 1904. Received from Willis Schenck twenty-five dollars for one share of stock Chadron Cooperative Telephone Company. G. H. Willis, Secy." No certificates for any shares of stock were issued until the 14th day of July, 1904, and the certificates to Schenck were not delivered to him until the 6th day of August, 1904. On the 23d day of May, 1904, Schenck sold one share of stock for the sum of $25 to plaintiff, and delivered to him the above receipt, with the following indorsement thereon: "May 23d, 1904. For value received, I hereby sell, assign and set over to C. G. Elmore this share of telephone stock. Willis Schenck." Plaintiff contends that the share of stock which he purchased from Schenck was the original share and that it entitled him to a telephone at the rate of 75 cents a month. All of the answering defendants claim that it was the share of common stock which the plaintiff purchased. When the telephone company presented its bill to plaintiff for telephone rental for the month of June, plaintiff paid 75 cents and refused to pay more. On the first day of August the telephone company again presented its bill for $2 for July service, together with the unpaid remainder for June. Plaintiff tendered payment of 75 cents for July, which the company refused to accept.

The telephone company then notified plaintiff that, unless he would pay full rental at $2 a month for June and July before the 5th of August, his telephone would be disconnected. Plaintiff would not pay, and on the 3d day of August the telephone connection between plaintiff's office and the telephone exchange was severed, and on the following day plaintiff brought this action.

The only serious dispute arises out of the transaction between plaintiff and defendant Schenck, whereby a share of stock was sold to plaintiff. We have examined the evidence in the record, and are convinced that the share of stock sold by Schenck to the plaintiff was the second share of stock acquired by Schenck, that is denominated "common stock," and that the plaintiff was advised and knew of this fact at the time he purchased it. Plaintiff contends, however, that Schenck represented to him that this share of stock would entitle him to the reduced telephone rental, and that the defendants are estopped to deny this contention because some of them advised plaintiff that such was the fact before the sale. Plaintiff alone testified to this state of facts, but his evidence is directly contradicted by other witnesses of apparently equal credibility. When Schenck received the certificates of stock from the telephone company, two days after the commencement of this action and prior to his being made a party to it, he tendered to the plaintiff the certificate for the share of common stock. Plaintiff refused to accept this and demanded the certificate for the original share. Schenck thereupon offered to return to the plaintiff the purchase price of the share of stock which plaintiff declined. It does not appear that plaintiff ever demanded of the telephone company a transfer of a share of common stock upon its books, and the only demand or request made by plaintiff upon the company was that it transfer to him Schenck's share of original stock, or to issue to him a certificate for an original share. Under these circumstances it is clear that plaintiff was neither entitled to have the telephone company issue to him an original share of stock,

nor to a transfer upon its books of the original share held by Schenck. By his refusal to accept from Schenck the share of common stock, the only one to which he had any right, he eliminated all legitimate contention that he was entitled to the transfer upon the books of the company of any share of stock. As to what rights plaintiff might be entitled to, if he had accepted the share of stock tendered, and as to whether or not the corporation could lawfully discriminate between the holders of so-called original stock and holders of so-called common stock, it is unnecessary to determine, nor do we see how we could determine those questions without the corporation being a party to the proceeding, so that it would be bound thereby. Since plaintiff has refused to accept the share of stock tendered to him by Schenck, he is in no position to insist upon the rights of a shareholder, whatever they may be. He is not, therefore, in position to demand of the corporation telephone service at the rate of 75 cents a month, and being in default of payment for telephone rental, and refusing to pay the regular rental charged to outside subscribers, he is not entitled to the relief prayed for.

It is perhaps inferable that the plaintiff, at the time he brought this action, was not aware that the Chadron Cooperative Telephone Exchange had become incorporated, and that, perhaps, accounts for the fact that he made the individuals, who had formerly been members of the voluntary association, the parties defendant. No relief could be granted in this action against any of the defendants, and the judgment of the district court is right and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.